IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLINE MARTINEZ,

    Plaintiff,

vs.                                                                                             1:15-cv-806 LF

CAROLYN COLVIN, Acting Commissioner,
Social Security Administration,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR
ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER comes before the Court on plaintiff Jolene[1] Martinez' request for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, filed on October 25, 2016, and fully briefed on November 14, 2016. Docs. 28, 29, 30, 31. The parties consented to my entering a final judgment in this case. Doc. 18. Having reviewed the parties' submissions and being fully advised, I find that the amount of fees requested is excessive and unreasonable. I therefore grant the motion in part and deny the motion in part.

**I.      Background Facts**

Plaintiff applied for disability insurance benefits and supplemental security income in December of 2011, alleging disability since October 7, 2010. Plaintiff alleged disability based on fibromyalgia, post-traumatic stress disorder, upper airway resistance syndrome, and osteoporosis. The Commissioner denied her claim initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), and ALJ Jeffrey Wolfe held a

---

[1] In her complaint—and therefore in the caption of this case—plaintiff was identified as "Joline Martinez." Doc. 1. In subsequent filings and in her medical records, plaintiff is identified as "Jolene Martinez." *See, e.g.*, Doc. 2, Doc. 16; Administrative Record 345, 424, 497, 502, 521, 524, 566. The Court presumes the identification of plaintiff as "Joline" is a typographical error.

hearing on April 24, 2014. The ALJ issued an unfavorable decision finding, in part, that plaintiff's claim for fibromyalgia was non-severe. The Appeals Council denied plaintiff's request for review.

Plaintiff appealed the Commissioner's decision to this Court, arguing that the ALJ failed to properly weigh the physician's opinions (including opinions regarding her fibromyalgia diagnosis), and therefore failed to include certain limitations in the residual functional capacity and hypothetical to the vocational expert. Plaintiff also raised issues regarding the administrative law judge's misapprehension of the burden of proof at step five and his credibility finding. The Court ultimately reversed the Commissioner's decision and remanded the case based on the ALJ's failure to properly evaluate plaintiff's fibromyalgia in accordance with the Social Security Rulings. Doc. 26.

Plaintiff now seeks attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). The Commissioner opposes the motion on the grounds that the fees requested are excessive and unreasonable. I agree that the fees requested are excessive and unreasonable, and therefore grant plaintiff's motion in part and deny it in part.

## II. Standard of Review

EAJA provides for an award of attorney fees to a plaintiff when: (1) he or she is the prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. Once the court determines that the government's position was not substantially justified, "then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to

the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (unpublished). Determining the reasonableness of the number of hours billed lies within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (interpreting attorney-fee request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.")  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004).  The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the amount of hours actually billed. *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citing *Hensley*, 461 U.S. at 437).  To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id*.  The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.*  "A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983)).

### III.     Discussion

Plaintiff requests $10,917.50 in fees for 57.5[2] hours of work and costs in the amount of $13.92.  Doc. 29-2.  Plaintiff requests an additional $537.60 in fees for 2.8 hours of work preparing her reply to the Commissioner's response to her EAJA fee request, *see* Doc. 31, for a total of $11,469.02.  The Commissioner does not dispute that plaintiff was the prevailing party, nor does she argue that the agency's position was substantially justified.  The Commissioner contends, however, that the fees requested are excessive and unreasonable.  I agree.

Courts have held the average hours required to fully brief a social security appeal in the Tenth Circuit generally range from 20 to 40 hours.  *See Medina v. Astrue*, 2010 WL 1254835, at *3 (D. Colo. Mar. 26, 2010) (internal citations omitted); *see also Muller v. Colvin*, 14-cv-0953 SMV, Doc. 29 at 2 (D.N.M. Jan. 27, 2016) (unpublished); *Wellman v. Colvin*, 13-cv-1122 KBM, Doc. 25 at 2 (D.N.M. June 15, 2015) (unpublished); *Villalobos v. Colvin*, 15-cv-0463 CG, Doc. 32 at 8 (D.N.M. July 12, 2016) (unpublished).  More hours may be justified where the administrative record is especially extensive or where novel or complex issues are presented. *Wellman*, 13-cv-1122 KBM, Doc. 25 at 2.

Here, the hours incurred by counsel significantly exceed the average range of hours spent on similar cases.  There was nothing particularly unusual or complex about this case.  The arguments made were typical of Social Security disability appeals, and the record was of average length—624 pages long.  Doc. 10.  Plaintiff's counsel represented plaintiff at the administrative level as well as on appeal and should have been familiar with the facts and issues raised. Plaintiff's argument—that given the number of cases she handles before the administration, she

---

[2] In her Declaration of Time, plaintiff's attorney breaks her time down into time spent during 2015—32.45 hours—and time spent in 2016—24.75 hours.  Doc. 29-2 at 2–3.  The subtotal for 2015 is an error; it should be 32.75, not 32.45.  See Doc. 29-2 at 2.  The maximum hourly rate under the EAJA for time spent in 2015 is $190, and the rate for 2016 is $192.  Doc. 29-3.

did not retain knowledge of this particular case—is not persuasive.  Counsel's experience and skill should decrease the need for hours spent on cases in this area, which is highly repetitive, not the other way around.  *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1172 (D.N.M. 2005).

I have reviewed the most recent motions for attorney's fees in cases I have decided and found that the requests ranged from 31.92 hours to 39.5 hours.  *See Vallejos v. Colvin*, 14-cv-0490 JAP-LF, Doc. 32 (D.N.M. Apr. 20, 2016); *Sedillo-Romero v. Colvin*, 14-cv-0821 LF-SMV, Doc. 32 (D.N.M. Aug. 10, 2016); *Guadagnoli v. Colvin*, 15-cv-0214 MCA-LF, Doc. 30 (D.N.M. Aug. 7, 2016).  In all of the above cases, counsel agreed to moderately reduce their requested fees, and I ordered fees (based on stipulation) ranging from $5700 to $6500.  The administrative records ranged from 468 pages in *Vallejos*, 557 pages in *Sedillo-Romero*, to 948 pages in *Guadagnoli*.  The motion for remand in *Vallejos* raised three issues in 26 pages.  14-cv-0490 JAP-LF, Doc. 19.  The motion for remand in *Sedillo-Romero* raised four issues in 26 pages.  14-cv-0821 LF-SMV, Doc. 19.  The motion for remand in *Guadagnoli* raised three issues in 24 pages.  15-cv-0214 MCA-LF, Doc. 21.  In this case, plaintiff raised seven issues in 26 pages, Doc. 16, and the record was 624 pages long.  Compared to the other cases I have reviewed, plaintiff's claim for 17.5 hours of work above the high end of the average for this district seems excessive.

In an attempt to demonstrate how her current request for fees is "not out of the ordinary field," plaintiff includes a sampling of fees awarded to her counsel in other cases.  Doc. 31 at 2–3.  This sampling does not include a description of the issues, length of briefing, or extent of the record involved in those cases, which might have allowed me to make a useful comparison to this case.  Further, the information is somewhat inaccurate and misleading, which makes me question the care with which plaintiff's attorney tracks her time, as well as her efficiency.

For example, in *Cordova v. Colvin*, 13-cv-0830 LH-KK, Docs. 43, 44, 45, (D.N.M. 2015), plaintiff's attorney received $9,805.40 in attorney fees for 51.8 hours of work, not 38.1 hours as represented in her reply.  *See* Doc. 31 at 3.  Notably, the Commissioner did not object to the amount of fees that plaintiff requested in that case.  *See Cordova*, 13-cv-0830 LH-KK, Docs. 44, 45.  In *Kuykendal v. Colvin*, 13-cv-877 MV-WPL,[3] Doc. 35 at 1 (D.N.M. Apr. 7, 2015), plaintiff's counsel originally sought $15,718 for 83.7 hours of work, but voluntarily agreed to reduce her claim by 25% to $11,788.  The Court thought even that was too much, and it awarded her $8,633 for 46.7 hours of work, essentially cutting her originally claimed time nearly in half.  *Id.* at 5.  Plaintiff accurately represents that her attorney received $9,870.30 for 45.1 hours of work in *Pacheco v. Colvin*. 13-cv-0848 GBW, Doc. 33 at 6, (D.N.M. Dec. 10, 2014).  In *Rodriguez v. Colvin*, 15-cv-0985 WPL (D.N.M. Nov. 8, 2016), plaintiff claims that her attorney received $9,522 for 51.75 hours of work, but the docket shows that the Court only entered its order remanding the case to the Social Security Administration on November 8, 2016, and no motion for attorney fees has been filed.  *See id.*, Docs. 28, 29.  In *Montoya v. Colvin*, 14-cv-0836 LH-SMV, Doc. 33 at 8 (D.N.M. Dec. 16, 2015), plaintiff's attorney originally sought compensation for 76.45 hours of work.  The Court noted that these hours were nearly twice the high end of the normal range and found them to be excessive.  *See id.*  The Court awarded plaintiff's attorney $10,395 for 55 hours of work, which it viewed as "[g]enerously accounting for the complicated nature of the winning issue."  *Id.*; *see also id.*, Doc. 37.  The docket in *Ienco v. Colvin*, 12-cv-2317 ROS, Doc. 38 (D. Ariz. July 21, 2016) indicates that plaintiff's attorney received $23,500[4] in attorney's fees for her handling of both the district court case and the appeal in *Ienco v. Colvin*, 627 F. App'x 669 (9th Cir. 2015).

---

[3] Plaintiff inaccurately states the case number as 16-cv-0271 KK.  Doc. 31 at 3.

[4] Plaintiff states in her reply that the amount was $23,000.  Doc. 31 at 3.

Because I find that 57.5 hours for the work performed is excessive, I will reduce the hours to 40, which is at the high end of the average time necessary to brief a social security appeal in this district.  Plaintiff has not sustained her burden of establishing that this case warranted 17.5 hours more work than the high end of the average case.  The hours incurred in 2015 are reduced from 32.75 to 22.25.  At $190 per hour, the fee for 2015 equals $4,227.50.  The hours incurred in 2016 are reduced from 24.75 to 17.75.  At $192 per hour, the fee for 2016 equals $3,408.00.  Plaintiff also requests that her attorney be awarded 2 hours for preparing her reply to the Commissioner's response to her EAJA fee motion.  Doc. 31 at 5.  I find this amount excessive because of the errors in her reply, and because she already accounted for two hours of EAJA work in the original hourly request.[5]  She also requests compensation for .8 hours spent reviewing the Commissioner's response to her motion, and "other responses."  *Id.*  The Commissioner's response was only five pages, which plaintiff characterized as a "boilerplate response" to the EAJA fee request.  *See* Doc. 31 at 3.  Plaintiff's reply was only three pages and did not require legal research beyond counsel's own case files.  *See id.*  Accordingly, I reduce the time allotted for her reply to one hour, and the time for reviewing the response to half an hour, for a total of 1.5 hours, or $288.  The total award for attorney's fees is $7,923.50.  I further grant plaintiff's request for costs in the amount of $13.92.

---

[5] I note that plaintiff's motion for EAJA fees was substantially similar to the one she filed in *Villalobos v. Colvin*, 15-cv-0463 CG, Doc. 28 (D.N.M. May 27, 2016), and almost identical to the one she filed in *Trivino v. Colvin*, 15-cv-0102 MV-GBW, Doc. 36 (D.N.M. Oct. 31, 2016).  I only note this to point out that plaintiff's attorney, as a seasoned veteran of social security appeals, need not reinvent the wheel every time she drafts a brief or motion, and her billed hours should reflect these efficiencies.  I also note that in *Villalobos*, plaintiff's attorney received compensation for 43.1 hours of work—an amount very close to the high end of the average case.  She justified her hours in *Villalobos* in part because she "spent additional time on this case because she was not counsel until after the hearing."  *See Villalobos*, Doc. 28 at 2, *see also id.*, Doc. 30 (D.N.M. June 16, 2016).  Because in this case plaintiff's attorney represented plaintiff at both the administrative level and on appeal, her hours should reflect the added efficiency of this representation.

7

IT IS THEREFORE ORDERED that plaintiff Jolene Martinez's motion for EAJA fees (Doc. 28) is GRANTED IN PART and DENIED IN PART.  Plaintiff is awarded $7,923.50 in attorney's fees and $13.92 in costs pursuant to 28 U.S.C. § 2412(d).  *See Astrue v. Ratliff*, 560 U.S. 586, 591–93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, plaintiff's counsel shall refund the smaller award to plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent